IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| ENRIQUE LEON MACIAS, | ) | Case No. 4:25-cv-2642 |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | JUDGE DAN AARON POLSTER |
| KEVIN RAYCRAFT, *et al.*, | ) | |
| | ) | **OPINION & ORDER** |
| Defendants. | ) | |

Plaintiff Enrique Leon Macias filed on December 5, 2025, an emergency petition for writ of habeas corpus by a person in federal Immigration and Customs Enforcement ("ICE") and a motion for a temporary restraining order. ECF 1, 2. That same day, the Court held a hearing via zoom with Plaintiff's counsel and counsel for the Government. For the reasons discussed below and on the record, this Court hereby ORDERS that ICE schedule an individualized bond hearing for Plaintiff within the seven (7) days of the hearing, up to and including December 12, 2025. All other relief requested is denied as moot.

**I. Introduction**

Plaintiff was detained on or about March 11, 2025, and has been in ICE custody continuously since that date. ECF 2-1 at 1. He is currently detained at the North East Ohio Correctional Facility, located in the Northern District of Ohio. *Id.* at 3. The Department of Homeland Security placed Plaintiff in removal proceedings before the Cleveland Immigration Court pursuant to 8 U.S.C. § 1229a. ECF 1-2. ICE has charged Mr. Leon Macias with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without being admitted or paroled, and 8 U.S.C. § 1182(a)(7)(A)(i)(I), as someone who is not in possession

of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter.

Once in ICE custody, Plaintiff requested a bond redetermination hearing before an immigration judge ("IJ"). *Id.* at 4. A bond hearing was held on November 25, 2025, and Plaintiff was denied bond. *Id.* The denial was not based on the merits of Plaintiff's particular situation; that is, the IJ did not make a determination that Plaintiff presented a risk of flight or danger to the community. *Id.*; *see Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021) ("To secure release, the alien must show that he does not pose a danger to the community and that he is likely to appear for future proceedings."). Rather, the IJ determined that he lacked jurisdiction to make a bond determination in Plaintiff's case. ECF 2-1 at 3. Plaintiff has remained in custody since, and is scheduled for a final removal hearing on December 12, 2025. *Id.* at 1.

## II. Background

The Immigration and Nationality Act ("INA") governs, *inter alia*, the Government's ability to detain inadmissible noncitizens by creating two broad categories. Section 235 of the INA, 8 U.S.C. § 1225, generally applies to "certain [noncitizens] seeking admission into the country"; Section 236 of the INA, 8 U.S.C. § 1226, applies to "certain [noncitizens] already in the country pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (emphasis added in both). While there are a variety of differences between the two sections, the most salient in this matter is that only noncitizens detained under § 1226(a) are entitled to receive bond hearings at the outset of detention. 8 C.F.R. §§ 236.1(d)(1); *see also Jennings*, 583 U.S. at 306.

For roughly the past thirty years, the Department of Homeland Security ("DHS") has taken the position that "[d]espite being applicants for admission, [noncitizens] who are present without

2

having been admitted or paroled (formerly referred to as [noncitizens] who entered without inspection) will be eligible for bond and bond redetermination" under § 1226. ECF 2-1 at 5 (quoting 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997) (interim Immigration and Naturalization Service rule implementing recent amendments to the INA)). However, on July 8, 2025, DHS issued a notice reversing that position and requiring "ICE employees to consider anyone arrested in the United States and charged with being inadmissible as an 'applicant for admission' under 8 U.S.C. § 1225(b)(2)(A)." *Bautista v. Santacruz*, --- F.Supp. 3d ---, 2025 WL 3289861, at * 1 (C.D. Cal. Nov. 20, 2025) ("*Bautista I*"). "Under § 1225(b)(2)(A), 'applicants for admission' are subject to mandatory detention for proceedings under 8 U.S.C. § 1229(a) and not entitled to the due process protections found within § 1226(a)." *Id.*

On November 20, 2025, a district court in the United States District Court for the Central District of California held that this new policy conflicted with the plain statutory language of the INA and violated Due Process. Specifically, the district court held that "applicants for admission," as used in § 1225(a), refers only to those noncitizens who have not "lawful[ly entered] into the United States *after inspection and authorization by an immigration officer.*" *Bautista I*, 2025 WL 3289861, at *9 (emphasis in original) (quoting § 1101(a)(13)(A), which is the INA's definition of "applicants for admission"). Accordingly, "[i]ndividuals who have not been inspected and authorized by an immigration officer lack the trait to be categorized as 'applicants for admission'" and must be afforded an individualized bond hearing under § 1226(a). *Id.*

Just a few days later, on November 25, 2025, that same district court certified a nationwide class. *Bautista v. Santacruz*, --- F.R.D. ---, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025) ("*Bautista II*"). The *Bautista II* class is defined as follows:

> **Bond Eligible Class:** All noncitizens in the United States without lawful status who (1) have entered or will enter the United States

3

> without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Id.* The class certification extended the *Bautista I* declaratory judgment that the new DHS policy violated the INA and Due Process, and entitled all class members to the same declaratory relief granted in *Bautista I. Id.* In essence, all class members must be treated under § 1226(a).

## III. Analysis

Plaintiff maintains that he is a member of the *Bautista II* class. He states that he is a noncitizen without lawful status in the United States, and that he "entered the United States without inspection over 29 years ago and was not apprehended upon arrival." ECF 1 ¶ 5b. He further states that he "is not detained under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231." *Id.* ¶ 5c. At the Court's hearing on December 5, 2025, the Government did not dispute that Plaintiff appears to be a member of the *Bautista II* class.[1] Accordingly, the Court finds that Plaintiff is, indeed, a member of the *Bautista II* class and therefore entitled to the declaratory relief that he is being detained under § 1226(a), rather than § 1225.

At the outset, Plaintiff requests that this Court order his release from ICE detention because ICE "continue[s] to flagrantly defy the judgment in that case and continue to subject [Plaintiff] to unlawful detention despite his clear entitlement to consideration for release on bond as a Bond Eligible Class member." ECF 1 ¶ 8. However, this Court has no authority to require that ICE release Plaintiff from detention outright. The rights violation in the instant matter is not that

---

[1] Specifically, counsel for the Government stated that, while he did not have sufficient evidence at this time to say for sure that Plaintiff is a member of the *Bautista II* class, he had no reason to believe that he was not.

4

Plaintiff was unlawfully arrested or detained to begin with, but rather that his continued detention without being provided an individualized bond hearing under § 1226(a) is unlawful.

Defendants are bound by the decision in *Bautista I*, *see id.* ¶ 30, which the California district court extended to all class members in *Bautista II*. However, the Government disputes that *Bautista II* must be given immediate effect. The Court finds that there is no harm to the Government if Plaintiff is provided an individualized bond hearing. ICE is not being ordered to immediately release Plaintiff, nor are they being ordered to halt or otherwise amend their current timeline for Plaintiff's removal proceedings. Rather, Plaintiff is only seeking that due process right to which he is lawfully entitled. The Court therefore finds it appropriate to grant Plaintiff's alternative request for relief and be granted an individualized bond hearing before a neutral IJ.

### IV. Conclusion

For the reasons discussed above and stated on the record, this Court hereby **ORDERS** ICE to schedule an individualized bond hearing for Plaintiff, pursuant to 8 U.S.C. § 1226(a). The bond hearing must happen within the seven (7) days of the Court's hearing, up to and including December 12, 2025. Any and all other relief requested is denied as **MOOT**.

The Court notes that it is granting this relief over the Government's objection. While the Government does not object to the seven-day time frame for the bond hearing, the Government does object to granting relief at all. The Government provided detailed reasoning for its objection on the record.

**IT IS SO ORDERED.**

Dated: December 9, 2025

*s/Dan Aaron Polster*
United States District Judge